UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ABRAHAM SAHO,

  Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. and EXETER
FINANCE LLC

  Defendant,
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff, ABRAHAM SAHO (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian") and EXETER FINANCE LLC (hereafter "Exeter") (hereafter defendants) and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union") and Experian.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Amerifinancial Solutions, and Convergent Outsourcing, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Amerifinancial Solutions, and Convergent Outsourcing. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian transacts business within this District.

8. The Plaintiff is a natural person and resident of Gwinnett County, within the State of Georgia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Experian is a corporation headquartered in the State of California, authorized to do business in the State of Georgia through its registered agent, CT Corporation System, located at 289 S Culver St, Lawrenceville, GA 30046-4805.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Exeter is headquartered in the State of Texas, authorized to conduct business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

13. Exeter is a "data furnisher" under the FCRA and reported account information about the Plaintiff to all three CRAs during the relevant time.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person who is alleged to owe multiple debts for accounts he has never applied for and there are also accounts that are completely inaccurate.

15. Plaintiff has for over two (2) years, repeatedly disputed fraudulent accounts on his Experian Credit Report to Experian.

16. Plaintiff sent a detailed dispute to Experian disputing a Convergent Outsourcing account, an Exeter Finance LLC account and an AmeriFinancial Solution account. These accounts were reporting inaccurately and all three included derogatory information about the Plaintiff.

17. Plaintiff believes Experian sent the dispute to Exeter and Exeter failed to conduct a reasonable investigation and validated the inaccurate account.

18.     On September 14, 2019, Experian responded to Plaintiff's dispute with Report # 2244-5738-91.  Within it, Experian incorrectly verified the three disputed accounts.

19.     On November 7, 2019, Plaintiff obtained his Experian Credit Report Number 2652-2954-65. Upon review, he learned that in addition to the previous disputed account information, there were incorrect addresses, phone numbers, hard inquiries and new erroneous accounts listed that did not belong to him.

20.     On December 12, 2019 Plaintiff mailed another dispute letter to Experian informing them of the 12 incorrect addresses, two (2) incorrect phone numbers and seven (7) hard inquiries on his credit. More importantly, Plaintiff disputed the following erroneous accounts:

    I.     Amerifinancial Solutions 23443140

    II.    Farmers Furniture 171159xxxx

    III.   Security Credit Services 36435xx

    IV.    SYNCB/Care Credit 601918xxxxxxxxxx

    V.     Exeter Finance LLC 6806815184973

21.     In the aforementioned dispute letter, Plaintiff explained that some of the accounts did not belonged to him.   He also explained the inaccurate reporting about the Exeter account.

22. Plaintiff mailed his dispute letter to Experian via USPS Certified Mail 7019 0700 0001 3805 0335. Plaintiff received the certified mail confirmation confirming that Experian received his letter on December 12, 2019. Despite confirmation delivery, Experian failed to respond in violation of the FCRA.

23. Plaintiff was upset that he did not receive a response, therefore he mailed a similar dispute letter to Experian via USPS Certified Mail 7019 0700 0001 3039 4598. USPS confirmed delivery to Experian on February 15, 2020.

24. On March 3, 2020, Experian responded to Plaintiff dispute report # 3197-4135-58 as follows:

   I. Amerifinancial Solutions 23443140 UPDATED/VERIFIED ACCURATE

   II. Farmers Furniture 171159**** IGNORED THE DISPUTE

   III. Security Credit Services 36435** IGNORED THE DISPUTE

   IV. Convergent Outsourcing 36468441 UPDATED

   V. Exeter Finance LLC 6806815184973 VERIFIED AND UPDATED

   VI. SYNCB/Care Credit 601918324470 UPDATED

25. On June 27, 2020, Plaintiff obtained his Experian Credit Report Number 2268-9668-16. Upon review he noticed that there were STILL eleven (11)

inaccurate addresses and one (1) inaccurate hard inquiry listed on his credit report. In addition, there were still three (3) erroneous accounts on his credit report. The fraudulent or inaccurate accounts still showing on Plaintiff's credit were:

      I.    Amerifinancial Solutions 23443140 obo St. Joseph's Hospital (Atlanta, GA)

      II.    Convergent Outsourcing 36468441 obo Emergency Care of Atlanta

      III.    Exeter Finance LLC 6806815184973

26. On August 22, 2020, Plaintiff furiously wrote another dispute letter to Experian. In this dispute letter he provided a copy of his driver's license to confirm his identity. Further, Plaintiff in explained that Amerifinaicial Solutions Account 234431XX was not his. Plaintiff also provided a copy of his vehicle title that he received from Exeter to illustrate that he paid the remainder of his auto loan and received his title for the vehicle on June 18, 2019; therefore, the "Charge Off" status on his credit file is incorrect. The reporting of a "$17,475 written off" was also incorrect. Lastly, a "past due amount" of $23,541 was inaccurate. The vehicle was completely paid for and Plaintiff has possession of the title to show it.

27. Plaintiff mailed another detailed dispute letter to Experian via USPS Certified Mail 7020 1290 0002 0676 7623. USPS confirmed delivery to Experian

on August 27, 2020. Experian AGAIN failed to respond to Plaintiff's dispute despite confirmation by USPS of delivery.

28. Enraged by the lack of response, Plaintiff yet again, on January 6, 2021 sent another detailed dispute letter. Again, Plaintiff explained in detail that the Amerifinancial Solutions account is not his as he called the original debtor who could not locate an invoice. In addition, Plaintiff included a copy of his vehicle title that he received from Exeter Finance LLC account 6806815184973 showing that there is no outstanding debt and there should not be a "Charge Off" status on his credit report.

29. Plaintiff mailed this detailed dispute letter to Experian via USPS Certified Mail 7018 3090 0001 4156 7044. Experian received it on January 12, 2012.

30. Inexplicably, Experian ignored AGAIN this dispute letter. Plaintiff never received a dispute result from Experian.

31. With no response, Plaintiff continued to dispute the erroneous reporting on his credit report and mailed another detailed letter in February 2021. Again, Plaintiff explained in detail why the fraudulent or inaccurate accounts should not be reflected on his credit file:

        I. Amerifinancial Solutions 234431XX obo St. Joseph's Hospital Atlanta, GA

  II. Convergent Outsourcing 36468441 obo Emergency Care of Atlanta

  III. Exeter Finance LLC 6806815184973

32. To date, Experian has not responded to Plaintiff's most recent dispute despite over sixty days have passed by.

33. The Exeter account was the result of negligent or willful mishandling by Exeter, and failure by Experian to investigate all the facts which the Plaintiff explained in the dispute letters.

34. Experian failed to independently conduct any investigation. Upon information and belief, Experian notified Exeter of Plaintiff's dispute of the account but clearly filed to do any independent investigation.

35. Exeter refused to acknowledge that the account was originally paid by the Plaintiff and to correct the incorrect information.

36. Exeter knew or should have known throughout the life of the account that Plaintiff fulfilled the payments of his loan yet, continued to verify to Experian.

37. Experian failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has suffered damages including, but not limited to:

  I. Monies lost by attempting to fix his credit;

II. Loss of time attempting to cure the error;

III. Denial of credit from Ally Bank, Wells Fargo, GM Financial, SunTrust, Santander Consumer, Chase Bank, Bank of America and Global Lending.

IV. Metal anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life;

V. Loss of time he and he was forced to delay the purchase of a vehicle due to Defendants' incorrect reporting. Plaintiff spent numerous hours communicating with both Defendants attempting to resolve the inaccurate account.

38. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - As to Defendant, Experian Information Solutions, Inc.)

39. The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) as if fully set out herein.

40. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing several disputes, Experian refused to do any independent investigation.

41. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials when trying to obtain an auto loan to purchase a vehicle or to obtain other credit.

42. Experian's conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting. Experian failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

43. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

44. WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION

SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA - As to Defendant, Experian Information Solutions, Inc.)

45. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully set out herein.

46. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Experian verified a fraudulent account to Plaintiff, twice, without conducting any independent investigation. Experian simply sent an ACDV to Amerifinancial Solutions and parroted back the incorrect verification of the fraudulent account.

47. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

48. Experian's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o. Experian also failed to respond to several of Plaintiff's disputes in violation of the FCRA.

49. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**(Violation of the FCRA - As to Defendant, Exeter Finance LLC)**

50. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-eight (38) above as is fully stated herein.

51. Exeter published the National Recovery representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions.

52. Exeter violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Exeter's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Exeter representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Exeter to have identified that Plaintiff did not owe any money for this account. Exeter was aware that Plaintiff was disputing this information yet continued to report to Experian. Exeter continued to report derogatory information about Plaintiff when it was aware that Plaintiff had paid off the vehicle and did not have an outstanding debt.

53. Exeter violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Exeter had been notified that the information was inaccurate. Exeter has been aware of Plaintiff's dispute for several months but continued to erroneously report.

54. Exeter violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian that Exeter knew was inaccurate.

55. Exeter did not have any reasonable basis to believe that the Plaintiff was responsible for the any money after paying the remainder of his loan. Exeter knowingly chose to follow procedures which did not review, confirm or verify the debt in question. Further, even if Exeter would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not liable for any alleged remaining debt.

56. As a result of this conduct, action and inaction of Exeter, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff, when he needed it most, was delayed the purchase of his home because he would not qualify for the program with the inaccuracies on his credit report.

57. Exeter's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXETER FINANCE LLC, for

statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez, Esquire
Georgia Bar No.: 0617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary: Lsommers@ForThePeople.com
*Attorney for Plaintiff*